# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

MARCUS YOUNG,                          )
                                       )
    Movant,                        )
                                       )
v.                                     )       Case No. CV411-227
                                       )                CR409-419
UNITED STATES,                         )
                                       )
    Respondent.                    )

## CORRECTED REPORT AND RECOMMENDATION

Marcus Young pled guilty to one count of violating 18 U.S.C. § 922(g)(1) and was sentenced to 120-months' imprisonment. CR409-412, doc. 27, 28, 39.[1] However, with a total offense level of 21 and criminal history category of VI,[2] his U.S. sentencing advisory guideline range of imprisonment was only 77 to 96 months. PSI ¶ 60. Hence, the sentencing judge had upwardly departed. Young unsuccessfully appealed, doc. 62, *reported at* 401 F. App'x 496 (11th Cir. 2010), and now moves for 28 U.S.C. § 2255 relief. Doc. 63. The motion should be denied.

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper-document's printed pagination.

[2] The PSI recounted, *inter alia*, June 19, 1998 and August 27, 1999 convictions in arriving at this score. PSI at 7, 9; ¶¶ 28, 31.

Young appealed his sentence on three grounds:

> First, he contend[ed] that the district court erred when it orally sentenced him using a variance analysis and then issued a written judgment using a departure analysis. Second, Young argue[d] that the sentence is procedurally unreasonable because the court failed to adequately explain its reasons for varying upward. Finally, Young argue[d] that his prior conviction, which was used to enhance the guideline sentencing range, was not charged in the indictment and proved beyond a reasonable doubt, thus violating his Fifth and Sixth Amendment rights.

401 F. App'x at 497. The appellate court agreed that the sentencing judge gave one reason for his sentence orally and a different reason later, but refused relief. The oral (upward variance) pronouncement controlled over the written (departure), as it was unambiguous in classifying the divergence as an upward variance. This did not constitute a procedural error supporting relief. *Id.* at 498.

The *Young* panel also rejected his second argument, concluding that the sentencing judge properly considered the § 3553(a) factors. *Id.* at 499. Ample evidence supported that result. *Id.* Nor, finally, was there any merit to Young's third argument -- "the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those

convictions for purposes of enhancing a sentence." *Id.* (quotes and cite omitted).

In Ground One of his § 2255 motion here, Young argues that "the enhanced sentence imposed by the court was based in part on invalid prior convictions." Doc. 63 at 4. In the "supporting *facts*" section of his motion he supplies *argument*: "The court committed a significant procedural and substantial error when it failed to determine whether the prior convictions dated June 19, 1998 and August 27, 1999, respect[ively], were constitutionally valid. . . ." *Id.*

The government correctly contends that this claim is procedurally defaulted,[3] as Young did not raise it on appeal and now cites no cause or prejudice to overcome that default.[4] Doc. 65 at 5-6. Even if the claim

---

[3]  The Eleventh Circuit explains that:

> Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. As the Supreme Court has explained, this rule "is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L.Ed.2d 714 (2003).

*McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011).

[4]  To overcome procedural default Young must show cause and prejudice, or a miscarriage of justice, i.e., actual innocence. *McKay*, 657 F.3d at 1196. Hence, he

3

was not barred, it would be denied as baseless. *See Custis v. United States*, 511 U.S. 485, 497 (1994) (with the sole exception of convictions obtained in violation of right to counsel, a defendant in a federal sentencing proceeding has no constitutional right to collaterally attack the validity of previous state convictions used to enhance his sentence); *United States v. Covington*, 565 F.3d 1336, 1345 (11th Cir. 2009) (defendant in a § 924(e) sentencing enhancement proceeding cannot assert "a claim that predicate conviction counsel was ineffective nor a claim that the guilty plea leading to that conviction was not knowing and intelligent"). It is undisputed that both of Young's prior convictions here were counseled. PSI ¶¶ 28, 31.[5]

---

must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error. *Id.* "Under the actual innocence exception -- as interpreted by current Supreme Court doctrine -- a movant's procedural default is excused if he can show that he is actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence itself." *Id.* Young does not invoke that exception here.

[5]  In an *unsworn* reply brief Young tries to finesse this point by stating: "In a *constitutional* sense, those pleas were uncounseled." Doc. 66 at 3 (emphasis added). Of course, only the *actual* sense of Young's prior criminal history is relevant here. Young also contends that the district court "had an affirmative duty to ascertain the reliability and accuracy of the PSI," *id.* at 4, and this somehow supplies cause to overcome his default. *Id.* But this is simply a rehash of the same *Custis*-barred argument that the PSI is "inaccurate" because of claimed infirmities in his prior convictions and thus the district court should have caught them. The remainder of his reply brief similarly rehashes these same failed contentions. *Id.* at 5-10.

Before turning to Ground Two -- Young's only other ground -- note that "[a] habeas petitioner may overcome procedural default by showing that his counsel was constitutionally ineffective. *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000)." *Garey v. United States*, 2012 WL 1002181 at * 1 (11th Cir. Mar. 27, 2012). In Ground Two Young claims that his "[p]lea of guilty [was] invalid due to denial of effective assistance of counsel." Doc. 63 at 4. He insists his plea was "entered upon counsel's advice [and] was not voluntary and knowingly [sic] because counsel failed to investigate and research the law concerning sentence enhancement, and failed to discover that (2) two of the prior [convictions] had Rule 11 violations." *Id.*

For this claim to work Young must show, at bottom, that his lawyer was "*Strickland* deficient" and that such deficiency prejudiced him.[6] Yet, he cannot even show any deficiency, as it was not objectively

---

[6]  On an ineffective assistance of counsel (IAC) claim, a defendant must show that counsel's performance was deficient and that it prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). This standard applies to a claim that a plea was not knowing and voluntary due to ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Thus, where a defendant enters a plea based on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* at 56 (quotes and cite omitted). Moreover, a defendant who pled guilty satisfies the prejudice standard of *Strickland* by establishing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

5

unreasonable for counsel to fail to raise a *Custis*-barred issue before the trial and appellate courts. This claim, then, also fails.

Accordingly, Marcus Young's 28 U.S.C. § 2255 motion must be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  8th  day of May, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA